Bankers Conseco Life Ins. Co. v KPMG LLP (2023 NY Slip Op 50223(U))

[*1]

Bankers Conseco Life Ins. Co. v KPMG LLP

2023 NY Slip Op 50223(U)

Decided on March 17, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2023
Supreme Court, New York County

Bankers Conseco Life Insurance Company, WASHINGTON NATIONAL INSURANCE COMPANY, Plaintiff,

against
KPMG LLP, Defendant.

Index No. 653765/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 009) 203, 204, 205, 206, 215 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 010) 209, 210, 211, 213, 214, 218 were read on this motion to/for SEAL.
Motion sequences 009 and 010 are consolidated herein for disposition.
In this commercial action, Bankers Conseco Insurance Company, and Washington National Insurance Company (plaintiffs), move by order to show cause (motion seq. no. 009) for an order pursuant to section 216.1 of the Uniform Civil Rules, to seal exhibits 1-4 (NYSCEF doc. nos. 191-194) of the Affirmation of Joseph L. Buckley, filed in opposition to defendant KPMG LLP's motion to compel discovery (motion seq. no. 008).
In motion sequence number 010, plaintiffs move again by order to show cause for an order pursuant to section 216.1 of the Uniform Civil Rules, to seal exhibit 1 of defendant's reply memorandum filed in support of its motion to compel discovery (motion seq. no. 008).
 Discussion
Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute, and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon [*2]Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (see D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]). Moreover, sealing has been allowed in the absence of "any legitimate public concern, as opposed to mere curiosity, to counterbalance the interest of [a business's] partners and clients in keeping their financial arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [internal quotation marks and citation omitted]).
Motion Sequence No. 009
On July 16, 2019, the Honorable O. Peter Sherwood, J.S.C. entered a Stipulation and Order for the Production and Exchange of Confidential Information (NYSCEF doc. no. 25).
On August 23, 2021, defendant filed a motion to compel (motion seq. no. 008). In its motion, defendant requests production of documents withheld by plaintiff based on an Indiana evidentiary privilege known as the "professional services" privilege.
On September 1, 2021, restricted copies of plaintiffs' affirmation in opposition were filed on the New York State court electric filing system. The affirmation attached exhibits designated as "confidential" by plaintiffs pursuant to Justice Sherwood's confidentiality order. The exhibits consisted of plaintiffs' privilege log (Exhibit 1, NYSCEF doc. no. 191), supplemental privilege log (Exhibit 4, NYSCEF doc. no. 194), redaction log (Exhibit 2, NYSCEF doc. no. 192) and emails (Exhibit 3, NYSCEF doc. no. 193). The emails attached to plaintiffs' affirmation as Exhibit 3 contain: (1) a confidential URL that connects to a private sharing site that provides access to plaintiffs' document production; and (2) a password to open and extract plaintiffs' document production files.
Plaintiffs now request that this court enter an order permanently sealing the exhibits 1-4 annexed to plaintiffs' affirmation. Plaintiffs argue that the documents contain confidential information that could harm plaintiffs should it be disclosed to the public. Plaintiffs maintain that the documents contain sensitive information including attorney-client privileged communications, and documents referencing privileged communications with Indiana insurance regulators protected by Indiana Code § 27-1-3.1-15(a).
With respect to exhibit 3, plaintiffs submit that access to the document production URL code and password should be restricted to prohibit public access to plaintiffs' private proprietary [*3]information. Regarding Exhibits 1, 2 and 4, plaintiffs admit that privileged logs and redaction logs are not normally in and of themselves privileged, but argue that the documents in this instance should be sealed because they reveal detailed information prohibited from disclosure by the work product doctrine, trial preparation protection privilege, attorney-client privilege and Indiana's insurance examination and professional services privilege. Full copies of Exhibits 1, 2 and 4 were provided to this court in-camera. A redacted version of Exhibit 3 was filed on the New York State Court electronic filing system.
The proposed redacted text in exhibit 3 contains (1) the confidential URL a to a private file-sharing site where one can access plaintiffs' document production; and (2) a password to open and extract the files containing plaintiffs' document production. Should this information be unsealed, any member of the public could access plaintiffs' August 19, 2021 document production. The interest in public access to court records would not be served by unsealing this email, because the email would reveal no substantive information about this litigation but would rather allow the public to access information not filed with the Court (i.e., the entire document production).
However, plaintiffs did not demonstrate good cause for sealing with respect to exhibits 2, 3 and 4. First, plaintiffs claim that their logs contain sensitive information describing, among other things, the attorney-client privileged communications regarding its reinsurance with Beechwood. Plaintiffs, however, have not pointed to anything specific—whether specific log entries or otherwise—that exposes plaintiffs to harm, much less articulated a reason why each entry in its entirety exposes plaintiffs to harm. That alone is fatal under the standards of this court (Gryphon Dom. VI, LLC v. APP Intl. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dep't 2006] ["Since the right [of public access] is of constitutional dimension, any order denying access must be narrowly tailored to serve compelling objectives, such as a need for secrecy that outweighs the public's right to access") [reversing impoundment]). Accordingly, plaintiffs' motion sequence 009 is granted in part, only insofar that it seeks to seal exhibit 3.
Motion Seq. No. 010
In furtherance of defendant's motion to compel (motion seq. no. 008), on September 7, 2021, defendant filed a redacted reply memorandum. Attached to the reply was a full copy of a document inadvertently disclosed by plaintiffs (NYSCEF doc. no. 202). The document is a draft 2013 audit plan prepared by PricewaterhouseCoopers LLP, for CNO Financial Group, Inc., the parent company of each plaintiff. The audit plan includes competitively sensitive financial information generated by third-party auditors. A complete document was withheld from public filing and served upon this court in-camera.
Plaintiffs request that this document be sealed and shielded from public disclosure. Plaintiffs assert that the plan is privileged and confidential pursuant to Indiana Code §25-2.1-14.2. Indiana Code Section 25-2.1- 14-2 provides that information derived from or as a result of [professional] services is "confidential and privileged." The plan purportedly reveals the plans for auditing CNO and the results of prior audits of CNO's business. Second, although produced in error, plaintiffs aver that the document falls within the scope of Justice Sherwood's confidentiality order. The plan was designated confidential by plaintiffs and defendants have consented to the confidentiality designation (NYSCEF doc. no. 210, para 21). Finally, should the audit plan be released to the public, without sealing, plaintiffs submit that it would harm the [*4]plaintiffs as the document contains competitively sensitive financial information. Plaintiffs argue that there is no legitimate public concern or interest in the disclosure of the draft audit plan.
CNO is not a party to this action. Absent order from this court, sensitive financial information that implicates CNO's interests would remain unrestricted on the docket. The financial audit of CNO, falls within the perimeters of information deemed confidential by the Mosallem court (76 AD3d at 348-350), and absent a compelling interest furthered by public access to the document, this court will not require that CNO's private financial information be made public (see id.; Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 ["disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]).
Accordingly, it is hereby
ORDERED that motion sequence number 009 is granted in part; and it further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF doc. no. 193; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed document with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that motion sequence number 010 is granted. As a complete version of NYSCEF doc. no. 202 was withheld from public filing, plaintiffs do not need to file a duplicate redacted version; and it is further
ORDERED that the New York County Clerk, upon service to him or her of this order by movant, shall seal NYSCEF doc. no. 202; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that this order does not authorize sealing or redacting for purposes of trial.
DATE March 17, 2023
ROBERT R. REED, J.S.C.